## Charity Hospital *v*. B. De Bar.

The 4th section of the Act of 12th March, 1838, re-enacted in 1855, which provides that managers and lessees of theatres shall pay $500 per annum for the benefit of the Charity Hospital, is not unconstitutional; nor is it repealed by the Act of 1853, taxing managers and lessees of theatres $200.

APPEAL from the Sixth District Court of New Orleans, *Cotton*, J.
*Tappan & Holt* and *T. J. Semmes*, for plaintiff. *Gould & Stansbury* for defendant.

VOORHIES, J.[*] The present action is founded on the 4th section of the Act approved the 12th March, 1838, which provides that the managers and lessees of theatres in New Orleans shall pay $500 per annum for the benefit of the Charity Hospital.

The plaintiff's claim is resisted by the defendant and appellant on two grounds. " First, that it is contrary to the Constitution of the State; and, second, that the law which gave to the plaintiff this source of revenue has been repealed."

We consider the question thus presented for our solution as already settled by the decision of our predecessors in the case of the *Charity Hospital* v. *Stickney*, 2 A., 551. Article 123 of the present Constitution is identical with Article 127 of the former Constitution, under which that decision was given. The provisions of the Act of 1853, taxing the managers or lessees of every theatre $200, are not, in our opinion, contrary to, or irreconcilable with those of the Act of 1838, re-enacted as one of the revised statutes. Hence, it follows, that the latter statute cannot be considered as repealed by implication.

According to the opinions of our predecessors, in which we concur, the price of the license for theatres is not, in its proper legal sense, a tax. " This term (taxes) in its most extended sense, says Bouvier in his Law Dictionary, includes all contributions imposed by the government upon individuals for the service of the State, by whatever name they are called or known." We do not think it can be said with any propriety that this contribution in favor of the Charity Hospital, is, according to the terms of this definition, a contribution for the service of the State.

It is therefore ordered and decreed that the judgment of the court below be affirmed with costs.

---

[*]The *Charity Hospital* v. *Diedrick* involved the same question as was decided in this case, and was decided in like manner.